UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MICHAEL MYERS,

      Petitioner,                CASE NO. 2:09-CV-14610-DT

v.                             HONORABLE GERALD E. ROSEN
                             CHIEF UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Kenneth Michael Myers, ("Petitioner"), confined at the Mid-Michigan Correctional

Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his sentence for

kidnapping, M.C.L.A. 750.349; and armed robbery, M.C.L.A. 750.529.  For the reasons

stated below, the petition for writ of habeas corpus is summarily dismissed**.**

## I.  Background

      Petitioner pleaded guilty to the above offenses in the Oakland County Circuit

Court.  Petitioner indicates that he was sentenced to seven to fifteen years in prison. [1]

Although petitioner did not file a direct appeal from his conviction, petitioner did file a

post-conviction motion for relief from judgment with the Oakland County Circuit Court,

which was denied. *People v. Myers,* No. 2005-201796-FC (Oakland County Circuit

---

[1]  The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which
this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3
(E.D. Mich. 2004), indicates that petitioner was sentenced to seven years, six months to fifteen years in
prison for these offenses.  It is unnecessary to resolve this discrepancy for purposes of adjudicating this
petition.

Court, January 22, 2008).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Myers,* No. 285663 (Mich.Ct.App. December 12, 2008); *lv. den.* 484 Mich. 867; 769 N.W.2d 658 (2009).

Petitioner now seeks a writ of habeas corpus.  For judicial clarity, the Court will paraphrase petitioner's claims, rather than repeat them verbatim:

> I.  The trial court violated petitioner's rights under the Federal and Michigan constitution when it erred in the scoring of 25 points for Offense Variable 13.

> II.  Petitioner was deprived of his right to the effective assistance of trial counsel when counsel failed to object to the scoring of 25 points for Offense Variable 13.

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No

2

return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). This Court likewise concludes that petitioner's ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. *See e.g.Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

Petitioner first contends that the trial court erred in assessing 13 points against him under Offense Variable (OV) 13 of the Michigan Sentencing Guidelines. Petitioner contends that the erroneous scoring of this offense variable increased his sentencing guidelines range for his minimum sentence from 51 to 85 months to 81 to 135 months.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines

3

applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

In his second claim, petitioner contends that his trial counsel was ineffective for failing to object to the scoring of 25 points under OV 13.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).

Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of OV 13, because petitioner has failed to establish that his sentence

4

would have been different had counsel objected to the scoring of this variable.
Petitioner raised his sentencing guidelines claim and his related ineffective assistance of
counsel claim in his post-conviction motion for relief from judgment, which was denied
by the Oakland County Circuit Court.  The Michigan Court of Appeals and the Michigan
Supreme Court subsequently denied petitioner leave to appeal the denial of his post-
conviction motion.  As the Eleventh Circuit recently noted, when the alleged attorney
error involves the failure to object to a violation of state law that does not involve the
enforcement of federal constitutional rights or interests, there is no  Supreme Court
case which prevents a federal court sitting in habeas review of a state court conviction
from looking "to whether there is a reasonable probability that the do-over proceeding
state law provides would reach a different result." *See Hammond v. Hall,* --- F.3d ----,
No. 2009 WL 3617765, * 41 (11th Cir. November 4, 2009).

Given that the state trial court upheld the scoring of the guidelines and its
sentencing decision when it denied petitioner's motion for relief from judgment and the
appellate courts denied petitioner leave to appeal, petitioner cannot show that he was
prejudiced by counsel's failure to object to the scoring of the sentencing guidelines. *See
Smit v. Connerly,* No. 2009 WL 275679, * 4 (E.D. Mich. February 5, 2009).  If "one is left
with pure speculation on whether the outcome of ... the penalty phase could have been
any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371
F. 3d 310, 322 (6th Cir. 2004).  Because petitioner has offered no evidence to show that
the state trial court judge would have been inclined to impose a lesser sentence,
petitioner is unable to show that he was prejudiced by his counsel's purported
ineffectiveness in failing to object to the scoring of his sentencing guidelines. *Spencer v.*

5

*Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also

6

deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 3, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on ___December 3, 2009___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Kenneth Myers, #387878, Mid-Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, MI 48880                                                                                  .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137